Number 2312854, Mueller v. Walmart Corporation et al. Okay, Mr. Ramey. May it please the Court, my name is Travis Ramey, I direct the Appellate Advocacy Clinic at the University of Alabama. It's always a pleasure to return here to the 11th Circuit. I'd like to express my continued gratitude to the Court for its support of our clinical education efforts at the University through appointments in cases like this one. I have the privilege today to introduce the Court to two new advocates who will be arguing on behalf of Mr. Mueller. First is Ms. Abby Castle, who will present argument on the supplemental jurisdiction issue on which the Court ordered briefing. And second is Ms. Elena DeFonte, who will address the Royal Canin issue. All right. Thank you. Glad to have you here. Ms. Casale. May it please the Court. Abby Casale with my co-counsel, Elena DeFonte, for the Appellant, Mr. Todd Mueller. I will address why the District Court abused its discretion when it exercised supplemental jurisdiction over three of Mueller's remaining state law claims without balancing the Cohill factors. If the Court had balanced the factors, it would have found that the factors actually weighed in favor of treating all of Mueller's state law claims the same and dismissing them all without prejudice. Thus, we respectfully request that this Court vacate the District Court's grant of summary judgment on those three claims and remand with instructions to dismiss them without prejudice. Your Honors, this Court explained in a meritox that, quote, actually determining whether to dismiss the claims calls for the Court to weigh the host of factors outlined in Gibbs and Cohill, judicial economy, convenience, fairness, and comedy. And 1367C, this Court's precedent, and Supreme Court precedent all counsel in favor of declining supplemental jurisdiction over remaining state law claims when all federal claims have been decided before trial. Well, but let's talk about the practicality issues. There's nothing in the text of Section 1367 that prohibits this sort of splitting of state law claims, right? No, Your Honor, there's nothing in the text. Okay. So let's say you have a 1983 cause of action with five claims, right? Two federal, three state. The two federal claims all involve the question of probable cause, and if probable cause exists, the two federal claims are gone. Probable cause is only a death knell to one of the state law claims. The District Court on Summary Judgment finds that there is probable cause, rules in favor of the defendants on the two federal 1983 claims, and says, oh, one of these state law claims also goes by the wayside because probable cause is a bar. The others, probable cause is not an issue, so I'm going to dismiss those two, but I'm going to rule on the one claim that probable cause applies to. Is that problematic in your view? No, Your Honor. That would not be problematic. That would be an appropriate exercise of discretion under 1367C and an appropriate balance of the factors. So this idea of splitting the exercise of supplemental jurisdiction is pretty unusual. So the appellant could only find one case where this Court squarely addressed a decision of a District Court doing so, and in that case, exactly what you described happened, Your Honor. So in Browning in 2024, this Court looked at a case where the District Court granted summary judgment exercise supplemental jurisdiction over only one remaining state law claim after finding that the plaintiff couldn't establish damages. Damages was an essential element of the one federal claim in that case, and also an essential element of one of the state law claims, a breach of contract claim. So in that case, this Court affirmed on the basis that the District Court had actually weighed the factors and had found that judicial economy counseled in favor of exercising jurisdiction over that one state law claim, but not over the others because of issue preclusion. So here, the error by the District Court was first in not weighing the factors, and if the Court had weighed the factors, the factors would have balanced in favor of declining jurisdiction over all of the claims and treating all of those state law claims the same. Just, I guess, so I understand. So then it's not your contention that the District Court lacks discretion to split, so to speak. Yes, Your Honor. That is not our contention. It's just that you don't think that the District Court here dotted I's and crossed T's the way that it was supposed to in marching through the factors? Partially, yes, Your Honor. It's a little bit more than dotting I's and crossing T's because the balance of the factors here clearly did not weigh in favor of exercising jurisdiction over those three remaining state law claims that the Court decided to exercise jurisdiction over. So in applying the factors, judicial economy certainly weighed in favor of declining jurisdiction over all of the remaining state law claims. Doesn't that seem like, I mean, I've never been a District Court judge, but doesn't that seem like precisely the kind of determination that we ought to give District Court judges sort of maximum discretion over? It's almost managing their own dockets, which we never mess around with. Don't you think that, aren't we at like an abuse of discretion turned up to 12 here? Your Honor, so within the abuse of discretion framework, there are still some constraints, and the constraints would be 1367 and also this Court's precedent, which has said in Ameritox that the courts actually have to weigh the host of factors in deciding whether to decline jurisdiction or to exercise it. When you said, just so I'm clear, when you said one of the limiting factors is 1367, what in 1367 limits, because as Judge Jordan points out, I don't think there's anything that really sort of limits the District Court's discretion in 1367, and the way I read 1367, it actually seems to anticipate that there will be multiple, it speaks in the plural in 1367A, what we'll call supplemental claims, and then in 1367C, may decline to exercise supplemental jurisdiction over a claim. So it seems to anticipate multiple claims, but declining over some subset of those claims. Yes, so the only really limiting principle from the text of 1367 would be essentially in 1367C, there does have to be some sort of exception that would apply for the District Court to decline, and then the Court's case law has expounded on that and stated that they have to weigh the factors in order to determine whether to decline, which in turn means they are weighing the factors to determine whether they're going to exercise. So in this particular case, the judicial economy consideration heavily weighed in favor of declining all of the claims and dismissing them without prejudice, because in this particular case today, if I was standing before the Court merely challenging the merits decision by the District Court and not challenging the split exercise of jurisdiction, then there would be potential that there could be a pending federal appeal on three merits claims in one case, and a pending state trial on two merits claims in that same case that all have to do with the same transaction or occurrence, and none of the federal claims required any sort of merits assessment by the District Court. They were waived by Mr. Mueller before the claims reached the Court at summary judgment. So judicial economy would weigh in favor of all those claims being in the same forum. And — Right. I think that's your strongest argument, that this is not a case where the District Court has expended any judicial labor in resolving the federal claims, which had an overlap, legal or factual, with the state law claims. Yes, Your Honor. The federal claims, if I recall, were 1981 and 1982 claims, right? Yes, Your Honor. And a lot of the state law — not all, but a lot of the state law claims were assault, battery, negligent, negligent hiring, and the like. Yes, Your Honor. So in the District Court's decision to decline jurisdiction over Mr. Mueller's assault and battery claims, it did, in fact, apply the balancing factors, and it determined first that it didn't have original jurisdiction over those claims, second, that 1367c granted it discretion. That part is wrong, right? The first part is irrelevant to whether or not it can continue to exercise jurisdiction over the supplemental — Yes, Your Honor. — state law claims. It is irrelevant. But looking to the District Court's decisions, it seems that potentially the District Court just wanted to clear the air to ensure that it didn't have diversity of jurisdiction, although it's totally irrelevant to the supplemental jurisdiction analysis. Obviously, if the Court had diversity over those claims, that would be a different story, but that's not what we're dealing with here. We're dealing with federal question jurisdiction and supplemental jurisdiction. And the final reason that the District Court declined jurisdiction over those two claims was because they were hotly disputed. And the Court should have done the exact same for Mr. Mueller's false arrest, false imprisonment, and malicious prosecution claims. Thus, we respectfully request that this Court vacate the District Court's grant of summary judgment and remand with instruction Citizens Without Prejudice. All right. Thank you very much. Thank you. Okay. Ms. DeFonte. Good morning. May it please the Court. Thank you. The Court today does not need to reach the abusive discretion issue that my co-counsel just discussed because the District Court lacked subject matter jurisdiction under Royal Kanan. As such, we respectfully request this Court vacate the District Court's order in its entirety and dismiss for lack of subject matter jurisdiction. Your Honor, in Royal Kanan, the Supreme Court held that when a plaintiff excises his federal claims from the litigation, the District Court loses subject matter jurisdiction. In this case, Mr. Mueller excised his federal claims from the litigation in his opposition to motion for summary judgment at ECF 82, page 20. But in Kanan, there was a formal amendment of the complaint, right? Yes, Your Honor. There was. You don't think that makes a difference? No, Your Honor. Multiple courts across the country have interpreted Royal Kanan to apply in situations absent of formal amendment. And whether that be a joint stipulation of dismissal in Walker, a voluntary dismissal in Gozinski, a waiver in Clowney, courts are interpreting Royal Kanan to apply anytime that there's a functional amendment to the complaint and not necessarily a formal amendment to the complaint. And Walker, out of the Ninth Circuit's language, goes so far as to say that the form the plaintiff chooses to excise the claims doesn't matter. It is. But what about the fact here that your client, tell me if I've got this wrong, actually sought to amend the complaint to drop the 1981 and 1982 claims and that was denied? Yes, Your Honor. It was denied. And we do have a pro se plaintiff here, so that's one thing to take into consideration. But he did, so the core of Royal Kanan's holding is that when it is the plaintiff who is trying to excise the claims from the litigation, that's what's important. And so the amendment to the complaint that was denied shows that Mr. Mueller did try to excise those claims. And when it was denied, the district court went ahead and said, if you'd still like to drop these claims from the litigation, you can go ahead and concede it in the district court. And Mr. Mueller did just that. He then went ahead and conceded it in his opposition to Motion for a Summary Judgment, which I think is some of our strongest evidence that it was Mr. Mueller's intention and decision to take the federal claims out of the litigation. Do you think that applies also in a multi-plaintiff, multi-defendant scenario? So if you have two plaintiffs, each of whom bring federal claims and supplemental state law claims, at summary judgment, one of them sees the defense's motion and says, oh, I give up. I don't really have any response. I'm just going to concede on those. But the other plaintiff doesn't. Does Royal Canyon have any part to play in that sort of a case? As long as there's still a federal hook for one of the claims, I would say that it would not fall under the Royal Canyon issue because there is still a federal claim in the litigation. If they wanted to... Why, if it's plaintiff-dependent, why doesn't plaintiff number one's concession require the district court to dismiss his or her claims under 1367 and deal with the others? I think that it would support that. If it was... Required or support? Required. I think it would require that, Your Honor. You can't keep the case even though and decide the state law claims, even though you've got another plaintiff with viable ongoing state law claims. And the state law claims of plaintiff one mirror the state law claims of plaintiff two. Are the federal claims still in the litigation? They are because of plaintiff two, not because of plaintiff one. And the question is, what does the district court do with the state law claims of plaintiff one? Your Honor, the Royal Canyon issue hasn't been, hasn't had the, hasn't been able to be fully briefed. And we have not discussed the matter of a multi-state or a multi-defendant case. But I think really what it is the, if the district court was able to split those cases and say, you know, plaintiff one who wants to excise all of his federal claims can go down to the state court and plaintiff two still having federal claims in litigation, I think they could keep that. And I want to draw the line and make sure that this is clear. This does not in any way become inconsistent with the 11th Circuit precedent in Bruce or Lawntock, because in both of those cases, the 11th Circuit has held that when it is the court who is dismissing the federal claims, that is where we're drawing the line. But when it is the plaintiff who is the one taking them out, that's, that's when Royal Canyon rule applies. And whether or not it's a merits or non-merits dismissal is not relevant to this case, because as other courts have held, these joint stipulations and such are also merits dismissals. I see that my time has expired. Thank you. Thank you very much. Mr. Petrani. Thank you, Your Honor. May it please the Court. I'll start with jurisdiction, because jurisdiction comes first. Royal Canyon, as Judge Newsom pointed out, is about amendment of the complaint to take federal claims entirely out of the base, the substrate upon which federal jurisdiction is built, which is the complaint. We have no problem with the idea that once the federal claims have actually been removed from the case, there's no subject matter jurisdiction. But that's not what happened here. And if you were to follow the logic of Mr. Mueller's argument on this, you would obliterate Rule 15 and Rule 41 and the limitations on the amendment of complaints. At a certain point, a plaintiff does lose the ability to just take his or her claims out of the case without penalty. Waiver, concession, and abandonment are not ways of depriving the court of subject matter jurisdiction. If they were, Rule 15 would be essentially a non-letter. You could always take things out of the case. Same thing with Rule 41, which, as this Court has noted on many occasions, Rule 41 talks in terms of the action, not individual claims. Their rule would incompletely obviate that. They noted a few cases in their supplemental authority. The vast majority of them are talking about actually claims coming out of the complaint. There is one, the Clowney case, where they say it had to do with waiver. Actually, the district court in an offhand half-sentence said, well, this may be different if they had waived all their claims. It was not a holding. It did not look into it. And I think if any district court does look into this, it's going to understand that waiving, abandoning, conceding, et cetera, does not take the claim out of the case. In fact, the Court then has to rule on it as it did in this case. The Court rejected the federal claims, rejected the negligence claims that were also conceded, so that's on the merits, and then rejected the false arrest, malicious prosecution claims as well. Those are all in the case. There's no question as to subject matter jurisdiction with any of those. But then if I can turn to the supplemental jurisdiction question, I point out just to begin that Mr. Mueller, while conceding his federal claims, then said nothing about don't resolve my state claims, and in fact wanted them resolved. I think it's too late now that he has buyer's remorse to come on appeal and say, actually, you should have dismissed some of my state claims as well. The only response that I can take from Mr. Mueller's brief on this is that there's something special about a split that Mr. Mueller could not have foreseen. There are two huge problems with that. One is, Mueller is not actually contesting a split. Mueller has no problem with the idea that the negligence claims were dismissed. So it's not the concept of a split that's the problem. It's just the particular variety. And I don't really see what that has to do with his ability to say, well, look, I wanted you to decide these, and then you did, and now I wish you hadn't. But even turning to the merits of that question, if you look at 1367, and I think Judge Newsom walked through the text on this, it specifically looks at it as a claim. It says you may retain jurisdiction over a claim. So it would actually be odd, I think, if district courts looked at, say, like in this case, you've got a couple of federal claims, you've got 8, 10, 15 state claims for all you know, to say, well, I'm not going to look at these individually. I'm just going to kind of generally think about how to do this. I think that actually might be erroneous. And that's not what happened here. The court, I think it's plain from the district court's opinion, even if it's not as explicit as it might have been, that there were several state law claims that the court could resolve pretty simply on the motion for summary judgment in which it was resolving the federal claims. And it wasn't totally sure about the assault and battery claims. And so rather than expend more judicial time, more judicial resources on that, it broke up the claims in the way that it did. This is, even if I or the court or Mueller would have done things differently, I think this has to be within the general discretion of trial courts. They're by far in the best position to do it. Do we want some sort of an explanation by a district court about why it decided to do claim splitting, for lack of a better term, in a certain way? So two points on that, Your Honor. The first is, it is always ideal if a district court dots every I, crosses every T, and provides the absolute maximum amount of reasoning possible. That being said, this court has said on numerous occasions that it assumes district courts know the law. It assumes that it applied the law. And in this particular instance, I don't think it's that hard to figure out what the district court was doing. It said, with respect to the two that it decided to dismiss without taking supplemental jurisdiction, that the parties bitterly dispute this. And then it said, I don't have diversity, so I don't have to do this, so I'm not going to get into this. Could it have been a little bit more explicit? Of course. But I don't think anyone's seriously denying that what happened here was the district court said, I can economically resolve these. I can't necessarily economically resolve this one, and so I want to get rid of it. Even if the court might think that that's wrong, and to some extent that it could have economically resolved it, I think it's within the court's discretion to look at that and say in the first instance, this one just, I just don't think that I can do this as efficiently as I can do the other ones. And what if we can't discern from the district court's order what it did? What if it just said, I'm not deciding these, I'm deciding these other ones? So I don't think that this court has ever suggested that there is kind of an opinion writing requirement on these cases, as long as there is nothing to indicate that the district court didn't do the supplemental jurisdiction analysis. And I think in this case, the court clearly was aware that it had to, because it says, you know, here's, I'm just declining to take supplemental jurisdiction under this. As long as there is something there from which you can understand that the court either did the analysis or understood that it was supposed to do the analysis, et cetera, I don't think this is a kind of a grading papers approach. That's not to say it wouldn't be ideal in every circumstance to get the fullest explanation possible. But I, you know, I don't see anything in this court's cases that says, well, we are going to vacate and remand just for explanations. But we do have some of those cases. They're in a very different area of law. But for example, when a federal prisoner wants compassionate release and the district court has X number of grounds on which to deny relief, a summary order is usually going to get reversed and sent back for some explanation of what reason did you deny it. Was it because of your discretion? Was the defendant legally precluded from seeking relief? Was he a danger to the community? So you're right about the general state of our law. But there are these little pockets where every once in a while we say we need something. I agree with that, Your Honor. And in fact, I would, I would even go a little bit further and I would acknowledge that if it were unclear why the district court dismissed these two state law claims, that might be a reason to remand. So if, so just for instance, if it was unclear whether it dismissed them because it thought there was some procedural flaw or on the merits or whether it was supplemental jurisdiction, this court might have to remand to figure out, okay, which of these things did you actually do? But in an instance where the court made it clear it was declining under supplemental jurisdiction and it gave a pretty good indication of why it was doing that, I don't think that is an instance where the court is going to say, well, we need even more explanation as to why you did what you did. I'm happy to answer any other questions the court has about this. The only thing that I just very briefly wanted to mention is there is the other argument in the case. We don't think there's any serious question about the motion for summary judgment on the malicious prosecution. I just want to reassure the court. The district court did not hold that there was a special, you know, Georgia rule for summary judgment and that it was applying that one. In fact, if you go to OCGA 91156E, which is Georgia's rule on this, it uses almost identical language to this court's decision in Stein about what affidavits can do when they're useful. They have to be competent. They have to be based on personal knowledge. All the court was doing was saying, this is just like all these Georgia cases, and Georgia doesn't like these claims and puts a heavy burden on the plaintiff, where there's evidence of an agreement. The plaintiff comes in and says, well, I was told by my lawyer, or I was told by someone that that's not what the agreement was. And then the Georgia courts say, but that's not good enough because the burden is on you to prove it, and your kind of hearsay statement that that's not what you thought it was is just not sufficient to prove it. So this is a question of burdens, and it's a question of the evidence that's actually in the record, and it's a question of his affidavit actually being double hearsay as to what he claims the prosecution supposedly did. So I just wanted to make those points. I'm happy to answer any questions about those or the other arguments, otherwise I'm happy to cede my time. All right. Thank you very much. Just a few points on rebuttal, Your Honor. As far as the Royal Cadent issue goes, opposing counsel made its only distinction between a dismissal or a merits decision, and based off of the other cases that we have presented, the Walker case, the Gozinski case, et cetera, those are all situations where the district court has made some type of dismissal on the merits of those cases. But here's the potential problem with reading Royal Cadent that broadly. What's the functional difference if a district court rejects federal claims on the merits because of legal or factual deficiencies, and what happened here, which is the plaintiff basically gave up on them? If all that happens at summary judgment, the district court is going to enter a judgment that says judgment for the defendants on the federal claims. But in one of them where the district court goes all the way through the summary judgment process and says the defendant is entitled to summary judgment on these two federal claims, you wouldn't think there's a federal Royal Cadent problem, right? If the plaintiff was continuing to attempt to litigate those claims and the district court found the claims had no merit, that would not be a Royal Cadent issue. Even if the plaintiff's claims were frivolous? Yes, Your Honor. And I think that's part of the—one of the reasons— Frivolous is probably the wrong word to use in this jurisdictional scenario, but meritless. Yes, Your Honor. And I think that's one of the big line-drawing issues with Royal Cadent is we don't want plaintiffs to continue to try to—because plaintiffs are free to continue to say, even though this claim is meritless, I'm going to keep going because I want to be in federal court. So I think that that's actually ways in favor of the Royal Cadent argument. Just a few more points before my time runs out, Your Honor. We don't believe that waiver is applicable here in any way. It's the forfeiture of a known right, and the decision to split jurisdiction could not be known to Mr. Mueller. And the merits issue, there's no case law to support any of the burdens in the record. There's no case law in his briefing to support the burdens that he just—that Walmart just mentioned. Even the Sherrill v. Stock Hill case is insufficient, and I see that my time has expired, so we respectfully request the court vacate the district court's order. Thank you. All right. Thank you all very much. Appreciate having you here. All right. We're in recess for today.